IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MELTON McMORRIS | § | |
| v. | § | CIVIL ACTION NO. 6:10cv252 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Melton McMorris, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McMorris was convicted of possession of a controlled substance on March 1, 2006, receiving a punishment of 55 years in prison. He took a direct appeal, but his conviction was affirmed by the Twelfth Court of Appeals on August 31, 2007. McMorris did not file a timely petition for discretionary review, but did file an untimely motion for extension of time in which to seek discretionary review. This motion was filed on January 30, 2008, and was denied that same day. McMorris then filed an untimely petition for discretionary review on February 8, 2008, on which the Texas Court of Criminal Appeals determined that no action would be taken.

McMorris then filed a state habeas petition on September 24, 2009, which was denied without written order on March 31, 2010, and he signed his federal habeas petition on May 7, 2010.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed because of the expiration of the statute of limitations. The Magistrate

Judge stated that even if the commencement date for the limitations period was set at 90 days following the determination that no action would be taken on the untimely petition for discretionary review, McMorris' petition was still untimely. The Magistrate Judge also concluded that McMorris had set forth no valid basis for tolling of the limitations period.

In his objections to the Report of the Magistrate Judge, McMorris says first that he is entitled to equitable tolling because his appellate counsel, Leslie McLean, never contacted him. He says that in desperation, he contacted his co-defendant's attorney, James Volberding, and Volberding told him that his co-defendant had chosen not to continue to the appeal process and that "no one, including Ms. McLean, had thought to ask Petitioner if he wanted to continue the appeal." He wrote Volberding and said that he did want to continue the appeal, and Volberding said that he would have to write to the court for an extension of time in which to file his brief. By the time he did so, however, he became very ill and lost a lot of blood and had to have a transfusion; this occurred in September of 2007.

In January of 2008, he fell out of his bunk, breaking his collarbone, several ribs, and an artery. As a result, he says, he spent "a extended period of time" in the hospital. McMorris says that "at no time during this period did Petitioner ever have any access to his legal papers or even access to a law library." Although McMorris concedes that his medical condition is not a legal basis for tolling of the limitations period, he asks that the Court take this into consideration.

McMorris says that in September of 2007, he was told that his co-defendant had chosen not to continue the appellate process. This was after the direct appeal had been decided, which occurred on August 31, 2007. McMorris v. State, slip op. no. 12-06-0079-CR, 2007 WL 2460079 (Tex.App.-Tyler, August 31, 2007, no pet.). His appellate counsel's responsibility to him ended at the termination of direct appeal; he had no right to effective assistance of counsel in discretionary review proceedings. Moore v. Cockrell, 313 F.3d 880, 882 (5th Cir. 2002). Because there is no right to counsel, there is necessarily no right to effective counsel. Wainwright v. Torma, 455 U.S. 586, 587-88 (1982) (no right to counsel on discretionary review, so the failure of appellate

counsel to timely file for discretionary review did not implicate any federal constitutional rights). McMorris has failed to show any basis for equitable tolling based upon alleged ineffective assistance of counsel after his right to counsel had terminated.

As noted above, McMorris also complains that he was injured in January of 2008 and that he spent "an extended period of time" in the hospital, during which time he says that he had no access to his legal materials or to the law library. However, as the Magistrate Judge noted, Melton was able to file a motion for extension of time in which to seek discretionary review on January 30, 2008, and then a petition for discretionary review on February 8, 2008.

In Roberts v. Cockrell, 319 F.3d 690, 692 (5th Cir. 2003), the petitioner sought to invoke equitable tolling because he had been hospitalized 13 times in a one-year period. The Fifth Circuit stated that "Roberts has not supplied the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his Section 2254 application in a timely manner."

In this case, the petition for discretionary review was filed on February 8, 2008, after McMorris said that he was injured. More pertinently, the Magistrate Judge said that even if the limitations period began to run on that date, McMorris' petition was still filed well out of time. His state habeas petition was filed on September 24, 2009, over one year and seven months after the Court of Criminal Appeals determined that no further action would be taken on his petition for discretionary review.[1]

---

[1]The legally correct date for commencement of the statute of limitations is when the petitioner's time for seeking discretionary review expired, on Monday, October 1, 2007. The Magistrate Judge simply noted that even were the limitations period to commence at the time that McMorris filed his untimely petition for discretionary review, upon which the Texas Court of Criminal Appeals took no action, his petition would still be time-barred; this was not a finding, by the Magistrate Judge or by this Court, that the untimely petition for discretionary review was "properly filed" or that the limitations period properly commenced at that time.

The Fifth Circuit has held that the habeas corpus petitioner bears the burden of showing that equitable tolling is warranted. Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007). The Supreme Court has described equitable tolling as "a rare remedy to be applied in unusual circumstances." Wallace v. Kato, 549 U.S. 384, 396 (2007); *see also* Davis v. Johnson, 158 F.3d 806-810-11 (5th Cir. 1998) (requiring "rare and exceptional circumstances" for the exercise of equitable tolling). In this case, McMorris' vague and conclusory invocation of equitable tolling, supported by a statement that he was hospitalized at some point, for an indeterminate length of time, when coupled with the fact that McMorris missed the limitations deadline by over five months even when this deadline is set by the February 8, 2008 filing of the untimely petition for discretionary review, fails to show the "rare and exceptional circumstances" required for equitable tolling of the statute of limitations. Because McMorris has failed to meet his burden of proof to show entitlement to equitable tolling, his objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the Report of the Magistrate Judge, the Petitior's objections thereto, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Melton McMorris is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 14th day of December, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE