IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

MELTON McMORRIS                  §

v.                               §      CIVIL ACTION NO. 6:10cv252

DIRECTOR, TDCJ-CID               §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT


The Petitioner Melton McMorris, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Melton was convicted of possession of a controlled substance on March 1, 2006, receiving a sentence of 55 years in prison. His conviction and sentence were affirmed on August 31, 2007. He did not file a petition for discretionary review, but did file an untimely motion for extension of time in which to seek discretionary review on January 30, 2008, which was denied the same day. Nonetheless, Melton filed an untimely motion for discretionary review on February 8, 2008, on which the Texas Court of Criminal Appeals determined that no action would be taken.

Over a year and a half later, in September of 2009, McMorris filed a state habeas corpus petition. This petition was denied in March of 2010. McMorris signed his federal habeas petition on May 7, 2010.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed because of the statute of limitations. McMorris filed objections to this Report, but the District Court overruled these objections and dismissed the petition on December 14, 2010.

McMorris did not file an appeal of this dismissal. Instead, on June 15, 2011, McMorris filed a motion which he styled as a "Rule 60(b) motion for relief from judgment." In this motion, McMorris pointed to the Supreme Court decision in Arizona v. Gant, 129 S.Ct. 1710 (2009), a case involving a Fourth Amendment claim revolving around automobile searches. He made no mention of this decision in his original petition. The Magistrate Judge determined that the Gant claim is in effect a successive petition, but that the claim lacked merit in any event because Gant was a direct appeal and not collateral review, and so any search and seizure claim, including claims based on Gant, was barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). The Magistrate Judge also noted that Gant is not retroactive and thus does not apply to McMorris' case, which became final well before Gant was decided, and that McMorris had offered nothing to show that his petition was not barred by the statute of limitations. The Magistrate Judge therefore recommended that McMorris' motion for relief from judgment be denied.

McMorris filed objections to the Magistrate Judge's Report on August 4, 2011. In his objections, McMorris indicates that he did raise a Gant issue in his pleadings. He concedes that Gant does not operate retroactively, but says that there was a "fraud on the court" with regard to the introduction of "illegally seized evidence." He again argues that he raised the issue in his original petition and says that he should have an evidentiary hearing.

McMorris' objections fail to address the issue of the statute of limitations, which formed the basis for the dismissal of his petition. He offers no explanation for the 19-month delay between the filing of his untimely motion for discretionary review and the seeking of state habeas corpus relief, nor the five-month delay between the affirmance of his conviction by the Court of Appeals and the filing of McMorris' untimely motion for extension of time to seek discretionary

review. To the extent that McMorris raised the issue of "illegally seized evidence" in his original petition, this claim is barred by limitations; in addition, as the Magistrate Judge pointed out, the Supreme Court held in <u>Stone</u> that where the defendant has a full and fair opportunity to litigate Fourth Amendment claims in state court, he may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Even if this claim was not barred by limitations, McMorris has offered nothing to show that he did not have a full and fair opportunity to litigate this claim in state court, and so he would not be entitled to federal habeas corpus relief in any event. McMorris' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion for relief from judgment, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 15) was ADOPTED as the opinion of the Magistrate Judge. It is further

ORDERED that the Petitioner's "motion for Rule 60(b) relief from judgment" (docket no. 14) is DENIED.

**SIGNED this 4th day of November, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE